Huang v. Holder

BIA
Hom, IJ
A087 435 787

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of August, two thousand thirteen.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> SUSAN L. CARNEY,
>     *Circuit Judges.*

_____

MIN HUI HUANG,
> *Petitioner,*

    v.               12-644
                      NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:    Donglai Yang, New Orleans, Louisiana

FOR RESPONDENT:    Stuart Delery, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director; Aimee J. Carmichael, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Min Hui Huang, a native and citizen of China, seeks review of a January 31, 2012, order of the BIA, affirming a May 19, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum and withholding of removal. *In re Min Hui Huang*, No. A087 435 787 (B.I.A. Jan. 31, 2012), *aff'g* No. A087 435 787 (Immig. Ct. N.Y. City May 19, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I. Corroboration**

The agency's finding that Huang did not meet his burden of proof because he failed to submit corroborating evidence

is not supported by substantial evidence.  Although the agency identified what evidence should have been obtained and why such evidence was required, it neither explained why it believed the evidence was reasonably available,  nor evaluated Huang's explanations for his failure to provide such evidence, including that he had not made a copy of his handwritten letter.  *See*  8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu v. Holder*, 575 F.3d 193, 197-98 (2d Cir. 2009); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 563-64, 568-69 (2d Cir. 2006).

**II.  Past Persecution**

The agency's finding that Huang did not suffer past persecution also requires remand.  The IJ gave improper weight to its determination that Huang's resistance to the family planning policies in China was not undertaken as part of a group, or done publicly.  "[A]n applicant claiming persecution for other resistance must demonstrate [] resistance to a coercive family planning policy, which can cover a wide range of circumstances."  *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007) (internal quotations and alterations omitted)).  Therefore, the IJ

3

erred in its analysis of whether the harm that Huang suffered was on account of a protected ground.

The BIA made the alternative finding that Huang's past harm did not cumulatively amount to persecution because, *inter alia*, Huang's testimony regarding the injuries he sustained in detention was too generalized to permit agency review. This finding downplayed Huang's detailed testimony and the custodial nature of the beatings Huang endured, which might raise his injuries to the level of persecution. "The BIA must . . . be keenly sensitive to the fact that a minor beating or, for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (internal quotations omitted). If Huang's testimony was insufficient and required further fact-finding, the "appropriate course [was to] remand to the IJ," *see Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296 (2d Cir. 2006) (per curiam), not to discredit the testimony altogether.

The BIA did not otherwise analyze whether the harm that Huang suffered in detention amounted to past persecution. "[E]stablishing past persecution creates . . . a rebuttable presumption of . . . a well-founded fear [of future persecution." *Kyaw Zwar Tun*, 445 F.3d at 564. Remand is therefore appropriate to determine whether the agency correctly placed the burden on Huang as to his fear of future persecution in China and, if not, whether the government can establish that any such fears were not well-founded.We note that Huang's peaceful presence in China subsequent to his arrest is not enough, in itself, to rebut the presumption that fear of future persecution is well-founded. *See, e.g, Kone v. Holder*, 596 F.3d 141, 149 (2d Cir. 2010) (holding that alien's return trip did not rebut the presumption because "the government cannot satisfy its burden . . . simply by showing that [applicant] enjoyed periods with no new persecution or that [applicant] will not perpetually be persecuted in her native country").

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for reconsideration of Huang's eligibility for asylum and withholding of removal. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

5

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk